UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUDOLPH T. GILLIAM,

v.                             Case No. 8:92-cr-160-T-24MAP

UNITED STATES OF AMERICA.

_____

O R D E R

Defendant Gilliam appeals from the order denying Gilliam's "Rule 60(b) Motion for Relief from Judgment or Order" in his criminal case. (Doc. No. 35).

BACKGROUND

On August 19, 1992, Gilliam pled guilty to a two-count indictment. Count one charged Gilliam with bank robbery with a dangerous weapon in violation of 18 U.S.C. § 2113(a)(d); count two charged Gilliam with the mandatory penalty of possession of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). On October 20, 1992, Gilliam was sentenced to consecutive sentences of 188 months incarceration on count one and 60 months incarceration on count two.

Gilliam did not take a direct appeal and has not filed any collateral motions related

to his sentences. On December 14, 2005, Gilliam filed a Rule 60(b) motion in which he sought to have his sentence reduced to ten years. He argued that because the sentencing guidelines were mandatory at the time he was sentenced, he received a harsher sentence than he would have received after the rulings in United States v. Booker, 543 U.S. 200 (2005); Blakely v. Washington, 542 U.S. 296 (2004); and Apprendi v. New Jersey, 530 U.S. 466 (2000).

On December 22, 2005, the Court denied Gilliam's Rule 60(b) motion because the provisions of Rule 60(b) of the Federal Rules of Civil Procedure cannot be utilized to attack criminal convictions or sentences. See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir.1998) (motion filed pursuant to Rule 60(b), Federal Rules of Civil Procedure, "simply does not provide relief in a criminal case").

On January 12, 2005, Gilliam signed a Notice of Appeal of the denial of his motion for Rule 60(b) relief. The Court construes the Notice of Appeal, which is untimely under Rule 4(1)(A)(i), Rules of Appellate Procedure,[1] as a motion for certificate of appealability.

To merit a certificate of appealability, Defendant must show that reasonable jurists would find debatable both (1) the merits of an underlying claim, and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 475 (2000).[2] Defendant has failed to meet this standard. Therefore, Defendant has failed to satisfy the Slack test. See also, Franklin v. Hightower, 215 F.3d 1196 (11th Cir. 2000).

---

[1] Rule 4(1)(A)(i) requires that a defendant's notice of appeal must be filed in the district court within 10 days after the later of the entry of either the judgment or the order being appealed. Gilliam did not sign his Notice of Appeal until 22 days after the December 22, 2005, order denying Rule 60(b) relief was entered.

[2] Miller-El v. Cockrell, 123 S.Ct. 1029 (2003) does not change the Slack standard. See Ziegler v. Crosby, 345 F.3d 1300, 1303 n.4 (11th Cir. 2003).

Accordingly, the Court orders:

That Gilliam's construed motion for certificate of appealability (Doc. No. 36) is denied.

ORDERED at Tampa, Florida, on January 24, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: Thomas Findley
Pro se:  Rudolph T. Gilliam